**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Kevin William GUINN, Defendant—
Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Matthew Dierck, Defendant—Appellant.**

**Nos. 05–30402, 05–30407.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2006.

Filed June 23, 2006.

George JC Jacobs, III, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Philip Edward Nino, Esq., Karen Lindholdt, Esq., The Lands Council, Spokane, WA, for Defendants–Appellants.

Before: THOMPSON, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Kevin William Guinn and Matthew Kee Dierck appeal their convictions for conspiracy to distribute marijuana and hashish in violation of 21 U.S.C. § 846. They argue that the district court should have granted their motion to suppress evidence because Border Patrol agents allegedly detained them without reasonable suspicion, arrested them without probable cause, and failed to give them timely *Miranda* warnings. We review these claims de novo, and affirm the district court.

If an officer has a reasonable suspicion that a crime is afoot, he may conduct a brief investigatory stop of an individual. *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). Reasonable suspicion is "a particularized and objective basis" for suspecting a crime given the totality of circumstances. *Id.*

 Border Patrol agents briefly detained Guinn, Dierck, and a third individual for questioning upon finding them seated together at a bar in Orient, Washington. Prior to initiating contact, the officers had several indications that the three men were involved in illegal activity.

On December 23, 2004, a local resident reported to authorities that he had contacted three men walking by a remote road near the Canadian border. The area where the road was located was notorious for drug smuggling. The three men had asked the resident for a ride to the nearby town of Orient. The resident provided a description of the men (including clothing), and reported that they did not look like locals. At the place the resident said he had contacted the men, agents found three sets of boot prints in the snow. They tracked the boot prints backwards about three miles where they found three sets of

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

snowshoe prints that led to a cache of drugs. They also tracked the boot prints forward to a highway, where the prints continued to lead in the direction of Orient.

The Orient Bar was the closest place of business open to the public, and had the closest pay phone. The agents also knew that prior drug smugglers who had operated in the same area had gone to the Orient Bar to use the phone. Based on these facts, the agents drove to the Orient Bar. There they saw three men seated at a table. The men matched the description of the three men given by the local resident.

These facts provided the agents with a particularized and objective basis for suspecting that the three men at the Orient Bar were involved in a drug crime. The agents therefore had the requisite reasonable suspicion to detain Guinn and Dierck for questioning.

■ Guinn and Dierck contend that the agents' detention constituted a de facto arrest rather than an investigatory stop, and that the agents engaged in custodial interrogation without administering *Miranda* warnings. "Although the circumstances of each case must certainly influence a determination of whether a suspect is 'in custody' for purposes of receiving *Miranda* protection, the ultimate inquiry is simply whether there is a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983) (quoting *Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977)). The alleged restraints on the freedom or movement of the men during questioning—such as an agent preventing Guinn from touching his beer glass due to its potential to serve as a weapon—are consistent with a reasonable investigatory stop, and are not of the degree associated with a formal arrest. *See United States v. Rousseau*, 257 F.3d 925, 929–30 (9th Cir. 2001).

■ The agents' observations and questioning during the investigatory stop revealed that the three suspects had boot soles that matched the prints leading to the snowshoe prints that led to the drug cache. All three suspects were "soaking wet," consistent with having recently hiked a long distance, and they gave vague, inconsistent responses to simple inquiries such as how they had arrived at the bar. Coupled with the facts that gave rise to reasonable suspicion, the information obtained during the investigatory stop provided the agents with grounds to believe that the three suspects had committed or were committing a drug offense. The agents, therefore, had probable cause to arrest Guinn and Dierck, and the agents did not engage in any post-arrest interrogation before administering *Miranda* warnings. The district court properly denied the defendants' motion to suppress.

■ Guinn also challenges his sentence of imprisonment for twelve months and one day. He argues that his sentence is unreasonable because he should instead have received a split sentence of five months in prison and five months in home detention. We disagree. In arriving at its sentencing decision, the district court engaged in exactly the type of analysis prescribed by the Supreme Court in *United States v. Booker*, 543 U.S. 220, 261–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The sentence is not unreasonable.

**AFFIRMED.**